IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALIMA BAHSHOOTA,

         Plaintiff,

vs.

MARCENA HENDRIX, Judge, Individual capacity;

         Defendant.

8:19CV264

MEMORANDUM AND ORDER

Plaintiff filed her Complaint on June 19, 2019. ([Filing No. 1](#).) She has been given leave to proceed in forma pauperis. ([Filing No. 5](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to [42 U.S.C. § 1983](#) against Judge Marcena Hendrix of the County Court of Douglas County, Nebraska in her individual capacity only. As best the court can determine, on March 28, 2019, Judge Hendrix presided over a civil matter involving collection of a debt by the Douglas County Housing Authority from Plaintiff. It appears Plaintiff may not have responded to certain discovery requests posed by the opposing party and, as a result, Judge Hendrix refused to consider certain evidence offered by Plaintiff to dispute the debt owed. Plaintiff alleges Judge Hendrix granted summary judgment in favor of the Douglas County Housing Authority without considering any of Plaintiff's evidence resulting in a garnishment being entered against Plaintiff. Liberally construed, Plaintiff alleges Judge Hendrix violated Plaintiff's due process rights as a result of her rulings in the county court civil action. Plaintiff seeks relief

from the state court judgment entered against her and asks that Judge Hendrix be disciplined.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# III. DISCUSSION OF CLAIMS

## A. *Rooker-Feldman* Doctrine

In filing this action, Plaintiff plainly seeks relief from and reconsideration of the state court judgment entered against her by Judge Hendrix. However, the *Rooker-Feldman* doctrine precludes consideration of Plaintiff's claims for relief related to her state civil case.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, Plaintiff alleges Judge Hendrix of the Douglas County Court entered summary judgment against Plaintiff in a civil case involving a debt dispute. As a result, a garnishment was entered against Plaintiff, and Plaintiff now seeks relief from that judgment. Any review of Plaintiff's claims for relief related to her civil case would require the court to review the specific issues addressed in the state court proceedings. The court does not have jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction.

**B. Judicial Immunity**

Alternatively, even if the *Rooker-Feldman* doctrine did not preclude consideration of Plaintiff's claims, Plaintiff's claims against Judge Hendrix in her individual capacity are barred under the doctrine of judicial immunity.

A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). "[A] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal quotation omitted).

It is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here. Plaintiff complains only that Judge Hendrix made erroneous rulings regarding discovery and failed to consider Plaintiff's evidence.

Plaintiff's allegations do not in any way suggest action by Judge Hendrix that was not judicial in nature or that was taken in the complete absence of all jurisdiction.

In addition, section 1983 "precludes injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hoffman v. Ferguson*, No. CIV. 09-5052, 2009 WL 1606736, at *2 (W.D. Ark. June 5, 2009) (quoting 42 U.S.C. § 1983). Here, Plaintiff does not allege that either of the prerequisites for injunctive relief are met. *See id.* (dismissing claims for injunctive relief against state magistrate judge because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable). Furthermore, "[e]quitable relief is not appropriate where an adequate remedy under state law exists." *Id.* at *3 (citing *Pulliam v. Allen*, 466 U.S. 522, 542 & n.22 (1984)). There is no indication that Plaintiff was prohibited from appealing Judge Hendrix's rulings pursuant to Nebraska law. *See id.* ("An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.").

IT IS THEREFORE ORDERED that: this matter is dismissed without prejudice for lack of jurisdiction. The court will enter judgment by separate document.

Dated this 3rd day of March, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge